UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TRIAD WELL SERVICE, LLC | § | CASE NO. 18-30150 |
| | § | |
| DEBTOR | § | CHAPTER 11 |

**DEBTOR'S OBJECTION TO THE CLAIM**
**OF INTERNAL REVENUE SERVICE**

THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.

**A hearing has been set on this matter on February 27, 2019 at 3:00 P.M. before The Honorable Jeff Bohm, United States Bankruptcy Judge, 515 Rusk, Courtroom 600, 6th Floor, Houston, TX 77002**.

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 11 U.S.C. §§ 105(a) and 502 and Fed. R. Bankr. P. 3007, Triad Well Service, LLC Debtor ("Debtor"), files this its objection to the Claim of Internal Revenue Service ("Claimant") and will respectfully show the Court as follows:

1. Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on January 15, 2018 (the "Date of Petition"). From and since the Date of Petition, the Debtor has maintained possession of its property, and has continued to remain in control of its ongoing business affairs as a Debtor-in-possession pursuant to the provisions of 11 U.S.C. §§ 1107 and 1108.

2. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. This Court may hear and determine this Objection under the standing order of referenced issued by the United States

District Court for the Southern District of Texas under 28 U.S.C.§ 157.  This matter is a "core proceeding" as that term is defined in 28 U.S.C. §157(b).   Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3.	On or about September 21, 2018, Internal Revenue Service Collector filed its unsecured proof of claim #5-4 in the amount of $22,906.70.   A true and correct copy of the proof of claim with exhibit is attached hereto as **Exhibit A**.

4.	Debtor files this objection to the claim of Claimant.  Specifically, Debtor asserts that the claim of Claimant should be disallowed in its entirety because all reports were timely filed and taxes paid during the period in which Debtor had employees; namely during the 2015 tax year and the first quarter of 2016.   For the remaining tax periods identified in the Claim, Debtor had no employees and owed Claimant no employment related taxes, penalties or interest.  In support of Debtor's Objection, attached hereto as **Exhibit B** is the Affidavit of Michael T. Kramer, President of the Debtor.

WHEREFORE, Debtor requests that its objection be sustained; that the claim made the subject of this Objection  be disallowed in its entirety, and for such other and further relief as the Court deems just.

Respectfully submitted this 23rd day of January, 2019.

**FUQUA & ASSOCIATES, P.C.**

By:	*/s/ Richard L. Fuqua*
	Richard L. Fuqua
	State Bar #07552300
	5005 Riverway, Suite 250
	Houston, Texas 77056
	Phone:  713.960-0277
	Facsimile:	713.960-1064
	Email:  rlfuqua@fuqualegal.com
	Counsel for the Debtor

CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the foregoing Objection was served by first class mail to the parties listed below this 23rd day of January, 2019. Subscribers to the Court's electronic noticing systems received notice via that system.

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
% William Thomas, Revenue Officer
1919 Smith Street M/S 5022HOU
Houston, Texas 77002

                                                /s/ *Richard L. Fuqua*
                                                Richard L. Fuqua